UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAECIPIO CONSULTING, LLC, et al., | Case No. 25-cv-02927-JST |
| Plaintiffs, | |
| v. | **ORDER GRANTING REQUEST FOR EXPEDITED DISCOVERY** |
| NICHOLAS HOWSER, et al., | Re: ECF No. 7 |
| Defendants. | |

Before the Court are the parties' simultaneously filed briefs regarding the sequence and scope of expedited discovery in advance of the Court's hearing on Plaintiffs' forthcoming motion for preliminary injunction. ECF Nos. 23, 24. The Court will grant Plaintiffs' request for expedited discovery.

## I.      BACKGROUND

On March 28, 2025, Plaintiffs Praecipio Consulting, LLC and Gaia Praecipio Buyer, Inc. filed this action, alleging violations of the DTSA and breach of contract by former employees Nicholas Howser and James Areias, who now work for Plaintiffs' competitor, catworkxs GmbH. ECF No. 1. On the same day, Plaintiffs filed a motion for temporary restraining order and request for expedited discovery. ECF No. 7. On March 31, 2025, the Court held a status conference and directed the parties to meet and confer regarding temporary relief. ECF No. 17. On April 2, 2025, the parties filed a joint status report, ECF No. 19, stating that they had reached agreement on most of the temporary relief requested by Plaintiffs but that issues regarding expedited discovery remained. The parties then filed a stipulated temporary restraining order, ECF No. 21, which the Court entered. ECF No. 22. The parties also filed simultaneous briefing regarding expedited discovery. ECF Nos. 23, 24. The Court held a hearing on the expedited discovery issues on April

United States District Court
Northern District of California

1    10, 2025.

2    **II.    LEGAL STANDARD**

3    "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the

4    burden of showing good cause for the requested departure from usual discovery procedures."

5    *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

6    Although "[t]he good cause standard may be satisfied where a party seeks a preliminary

7    injunction," it "is not automatically granted merely because a party seeks a preliminary

8    injunction." *Am. LegalNet, Inc. v. Davis*. 672 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (internal

9    quotations and citations omitted).  Rather, "[f]actors commonly considered in determining the

10    reasonableness of expedited discovery include, but are not limited to: '(1) whether a preliminary

11    injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the

12    expedited discovery; (4) the burden of the defendants to comply with the requests; and (5) how far

13    in advance of the typical discovery process the request was made." *Id.* at 1067 (quoting *Disability*

14    *Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C.

15    2006)); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 WL 1938154, at *1

16    (N.D. Cal. May 18, 2011).  "[G]ood cause is frequently found is cases involving claims of

17    infringement and unfair competition." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273,

18    276 (N.D. Cal. Apr. 19, 2002).

19    **III.    DISCUSSION**

20    **A.    Good Cause**

21    Plaintiffs request that the Court order forensic examination of Defendants Howser and

22    Areias's personal devices, in order to determine whether Howser and Areias still possess

23    Plaintiffs' trade secret property.  ECF No. 24 at 7–8.  Plaintiffs further seek limited requests for

24    production, interrogatories, deposition notices, and two third-party subpoenas, in order to prepare

25    for the hearing on Plaintiffs' forthcoming motion for preliminary injunction.

26    First, although not dispositive, the Court notes that Plaintiffs' forthcoming motion for a

27    preliminary injunction supports their request for expedited discovery.  *See Am. LegalNet*, 673 F.

28    Supp. 2d at 1066.  Expedited discovery requests in connection with a motion for preliminary

United States District Court
Northern District of California

1    injunction should generally be related to information sought in order to preserve the "status quo."

2    *Id.* at 1068.  Because Plaintiffs seeks development of the factual record in support of their

3    preliminary injunction, which seeks to preserve the status quo, the purpose for which discovery is

4    sought weighs in favor of expedited discovery.

5    Defendants contend that Plaintiffs' requested discovery is overbroad and unduly

6    burdensome.  ECF No. 23 at 9–10.  But "Defendant[s] [have] neither explained how Plaintiff's

7    requests are overly broad or unduly burdensome nor provided any evidence describing the nature

8    of the burden."  *Anthony v. Iron Mountain Inc.*, No. 20-CV-5932 AB (ASX), 2021 WL 12310802,

9    at *3 (C.D. Cal. Oct. 4, 2021).  This by itself is enough to overrule Defendants' objection.  *See N.*

10   *Am. Co. for Life & Health Ins. v. Philpot*, No. 08-CV-0270, 2009 WL 10672468, at *4 & n.2 (S.D.

11   Cal. June 1, 2009) (overruling party's discovery objections because it did not quantify its asserted

12   burden to producing the requested information).  Nor have they offered any narrower alternative

13   discovery.[1]

14   Finally, the importance and urgency of the requested discovery is supported by Plaintiffs'

15   allegation that Defendant Areias, after receiving an evidence preservation notice, destroyed two

16   Praecipio-owned laptops in his possession.  Defendants do not rebut or even respond to this

17   allegation.  "Evidence that Mr. [Areias] destroyed evidence regarding his conduct is undoubtedly

18   probative of Mr. [Areias's] consciousness of guilt regarding the alleged" theft of trade secrets.

19   *Clear-View Techs., Inc. v. Rasnick*, No. 13-CV-02744-BLF, 2015 WL 3453529, at *2 (N.D. Cal.

20   May 29, 2015).  While the Court is sensitive to Defendants' privacy concerns,[2] in view of the

21   evidence Plaintiffs have presented and the risk of further spoliation, the Court finds that Plaintiffs'

22   requested discovery is not overbroad or unduly burdensome.

23   Taking the various factors together, the Court concludes that Plaintiffs have established

24

25   [1] Defendants have, however, noted the parties' agreement that "Confidential Information" does not
26   include "the identities or contact information of Praecipio's customers."  ECF No. 23 at 5 (citing
     ECF No. 21 §1(a)).
27   [2] Any privacy concerns can be addressed through the adoption of an appropriate forensic
     examination protocol.  *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD,
28   2019 WL 3973752, at *2 (N.D. Cal. Aug. 22, 2019).

United States District Court
Northern District of California

1

good cause for the expedited discovery that they request.

2

**B.      Trade Secret Disclosure**

3

Defendants contend that "this Court should require a trade secrets disclosure before

4

allowing discovery to proceed." ECF No. 23 at 4.  Here, Plaintiffs bring their trade secret claim

5

under the federal Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq.* (DTSA).  They do not bring

6

a claim under the California Uniform Trade Secrets Act (CUTSA), and thus that act's requirement

7

that "before commencing discovery relating to the trade secret, the party alleging the

8

misappropriation shall identify the trade secret with reasonable particularity" does not apply.  *See*

9

Cal. Code Civ. Proc. § 2019.210; *Yeiser Rsch. & Dev., LLC v. Teknor Apex Co.*, No. 17-cv-1290-

10

BAS-MSB, 2019 WL 2177658, at *4 (S.D. Cal. May 20, 2019) ("Nor do DTSA's express

11

provisions regarding civil proceedings incorporate any discovery procedure analogous to certain

12

state law statutory requirements in trade secrets cases that require a plaintiff to first disclose trade

13

secrets before being able to receive discovery from the defendant.").

14

Defendants observe that federal courts have sometimes chosen to rely on CUTSA's trade

15

secret disclosure requirement "to determine the proper course of discovery."  *Yeiser*, 2019 WL

16

2177658, at *5 (collecting cases).  As an initial matter, "[t]his reliance may be particularly

17

appropriate in cases in which a plaintiff raises both federal DTSA and state law trade secrets

18

claims"—which Plaintiffs do not do.  *Id.*  More significantly, Defendants do not cite any authority

19

in which a court opted to require a trade secret disclosure before ordering *expedited* discovery

20

before a preliminary injunction hearing.  *See Calendar Research LLC*, No. 2:17-cv-04062-SVW-

21

SS, 2020 WL 4390391 (C.D. Cal. May 13, 2020) (summary judgment); Yeiser., 2019 WL

22

2177658 (S.D. Cal. May 20, 2019) (traditional discovery rather than expedited, preliminary-

23

injunction discovery).

24

In fact, courts recognize that requiring trade secret disclosure can "become a tool for

25

delay" even when requested in the traditional discovery process—a concern greatly amplified

26

where, as here, Plaintiffs seek preliminary relief.  *See Blockchain Innovation, LLC v. Franklin*

27

*Resources, Inc.*, No. 21-cv-08787-AMO (TSH), 2023 WL 4045234, at *2–3 (N.D. Cal. June 15,

28

2023).  In short, Defendants have not persuaded the Court to exercise its discretion to order a trade

United States District Court
Northern District of California

4

1    secret disclosure under the circumstances.

**C.    Validity of Noncompete Clause**

3        Finally, Defendants argue that the noncompete clause in Plaintiffs' agreements with

4    Defendants is impermissibly restrictive and thus unenforceable, such that Plaintiffs cannot use

5    their breach of contract claim to support their request for expedited discovery.  ECF No. 23 at 6–7.

6        The Court agrees with Plaintiffs that this argument "put[s] the cart before the horse."  ECF

7    No. 24 at 11.  Notably, Defendants cite no cases in which a court evaluated the validity of a

8    contract underlying a plaintiff's claim before granting expedited discovery in connection with a

9    preliminary injunction hearing.  Moreover, even if Defendants were correct that the breach of

10    contract claim cannot support Plaintiffs' request for discovery, Plaintiffs' DTSA claim still could.

11    Accordingly, the Court declines to assess the validity of the noncompete clause at this stage.

**CONCLUSION**

13        Plaintiffs' request for expedited discovery is granted.  The Court orders that Howser and

14    Areias shall, within seven days of entry of this Order, identify and surrender their personal

15    electronic devices (e.g., laptops, computers, phones, tablets, etc.) to a neutral forensic analyst for

16    examination to (a) confirm that all Praecipio Property has been destroyed and/or returned, and (b)

17    ascertain to what extent, if any, Howser and Areias transferred such documents to other devices or

18    other people for copying or reproduction.  The parties shall meet and confer over a forensic

19    protocol, including the neutral forensic analyst.

20        Plaintiffs also may undertake the following discovery:

21        1.    The written discovery proposed to the Court as Exhibits to the Declaration of

22    Amanda L. Morgan, ECF No. 7-1;

23        2.    Deposition subpoenas to serve on Nicholas Howser, James Areias, Denise Johnson,

24    and catworkx GmbH (including a Rule 30(b)(6) deposition of catworkx GmbH).

25        Howser, Areias, and the third-party witnesses are ordered to respond to Plaintiffs' written

26    discovery within ten days of service of the discovery requests, or as otherwise agreed.  Howser,

27    Areias, and the third-party witnesses must sit for their deposition within seven days of service of

28    / / /

United States District Court
Northern District of California