UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PRAECIPIO CONSULTING, LLC, et al.,
Plaintiffs,

v.

NICHOLAS HOWSER, et al.,
Defendants.

Case No. 25-cv-02927-JST (PHK)

**ORDER RE: DISCOVERY LETTER BRIEFS**

Re: Dkt. 182, 186

All discovery matters in this case have been referred to the undersigned. *See* Dkts. 27, 29. Now before the Court are two Discovery Letter Briefs filed jointly by the Parties. *See* Dkts. 182, 186. The first Discovery Letter Brief concerns whether defense counsel, Defendant Howser, and Defendant Areias violated the Protective Order [Dkt. 38] when discussing information found in a document marked "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" ("AEO"). *See* Dkt. 182. The second Discovery Letter Brief concerns whether Defendant catworx US has produced all materials considered by its rebuttal expert. *See* Dkt. 186. The Court finds both matters suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to

tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

///

**DISCUSSION**

Having considered the briefing of the Parties, and pursuant to the Court's inherent authority to manage discovery, the Court resolves the disputes identified in the Discovery Letter Briefs [Dkts. 182, 186] as follows:

The first dispute concerns whether defense counsel, Defendant Howser, and Defendant Areias violated the Protective Order [Dkt. 38] when they spoke on the phone about data in a document produced by Plaintiffs and marked AEO. *See* Dkt. 182. The AEO document "is an Excel spreadsheet generated from Praecipio's Salesforce records, containing nearly 10,000 rows of data about Praecipio clients and sales transactions." [Dkt. 182 at 1]. Defense counsel extracted data from the AEO document to create a separate document that includes "columns listing Praecipio client names, transaction names, revenue, margin, and the Praecipio employees associated with each transaction and client." [Dkt. 182 at 2]. Defense counsel previously represented to Plaintiffs that "the extent of [Defendant Howser's and Defendant Areias's] interaction with [the extracted document]" was when they were asked over the phone "whether they should have received attribution and commissions [for certain transactions] *based solely on client name.*" [Dkt. 182 at 2] (emphasis added). In briefing, defense counsel explicitly stated again that "[n]othing other than the client name was disclosed." [Dkt. 182 at 4].

Plaintiffs put forth several arguments as to why a Protective Order violation occurred, none of which the Court finds persuasive. Plaintiffs' assertion that they "have no way to corroborate exactly what information in the AEO document counsel disclosed to Defendants" [Dkt. 182 at 2] disregards defense counsel's explicit statement to the contrary. Speculation that other information might have been disclosed is refuted by the unequivocal non-caveated statement by defense counsel.

Plaintiffs' arguments presuppose that client names alone are confidential, but those arguments are undercut by Plaintiffs' own use and disclosure of client names up to this point. For example, Plaintiffs' argument that client data cannot be disaggregated from the rest of the AEO document is at odds with the fact that they themselves have disclosed and used client names without any confidentiality designation. *See* Dkt. 182 at 4-5. Moreover, the Protective Order expressly excludes from protection "any information known to the Receiving Party prior to the disclosure…."

[Dkt. 38, ¶ 3]. The Parties separately stipulated that the definition of confidential information does not include "the identities or contact information of Praecipio's customers…" [Dkt. 21, ¶ 1.a]. Despite Plaintiffs' contention, defense counsel was not required to ask Defendants if they could have listed the client names by memory alone; there is no provision in the Federal Rules of Procedure which authorizes a "memory test" as a permissible tool or method of discovery. Accordingly, Plaintiffs' requests for sanctions and for the Court to strike Mr. Blair's expert report and testimony [Dkt. 182] are **DENIED**.

The second dispute concerns whether Defendant catworkx US has produced all materials that its rebuttal expert considered in forming the opinions set out in his expert report. *See* Dkt. 186. In particular, Plaintiffs seek to compel production of a Relativity workspace containing roughly 1.9 million catworkx US documents—or in the alternative, to strike the expert's opinions arising from the materials Defendant has not produced. Plaintiffs argue the rebuttal expert "used and expressly relied upon multiple fields of the data in conducting the analyses underlying his opinions." [Dkt. 186 at 3]. Defendant argues that the rebuttal expert only compared MD5 hash values and evaluated textual near-duplicate ("TND") results, both of which were generated using automated software processes. [Dkt. 186 at 3].

As an initial matter, expert discovery closed on October 15, 2026. *See* Dkt. 180. Because the Discovery Letter Brief was not filed until October 27, 2026, the motion is untimely under Civil Local Rule 37-3. *See* Civ. L.R. 37-3 ("no motions related to expert discovery may be filed more than 7 days after the expert discovery cut-off"). For that reason alone, Plaintiff's motion to compel is **DENIED.**

Even if the motion were timely, however, it would still be denied on the merits. It is evident that the rebuttal expert did not consider the full contents of the Relativity workspace. Rather, his comparison considered only the hash values that were generated through automated software processes catworkx US produced to Plaintiffs. *See* Dkt. 186 at 4. In a similar vein, the expert did not have to review the underlying documents and certainly not the entire Relativity workspace to conduct the TND analysis; all the expert did was evaluate the results with a tool that compares similarity between text rather than filtering through the workspace himself. *See* Dkt. 186 at 4.

Because Plaintiffs have not shown that the rebuttal expert considered or relied upon the entirety of the Relativity workspace, Plaintiff's motion to compel [Dkt. 186] is **DENIED** on the merits, too**.**

**CONCLUSION**

For the reasons stated herein, Plaintiffs' motion for sanctions [Dkt. 182] and motion to compel [Dkt. 186] are **DENIED**. The motion hearing scheduled for November 23, 2026, is **VACATED.**

This Order **RESOLVES** Dkts. 182, 186.

**IT IS SO ORDERED.**

Dated: November 10, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California